# CIRCUIT COURT OF BALTIMORE CITY.

Filed January 10, 1906.

BUCHER
VS.
THE BALTIMORE STERLING SILVER COMPANY.

*John P. Poe* and *Charles Herzog* for plaintiff.

*Roger T. Gill* for defendant.

SHARP, J.—

At the conclusion of the plaintiff's testimony, the court declined to hear

any evidence on the part of the defendant, and signed an order dismissing the bill, "with costs." The costs taxed by the clerk included the fees of the stenographer for taking and transcribing the testimony. The plaintiff tendered all the costs taxed except the stenographer's fees, which he refused to pay upon the grounds, first, that the amount was excessive, and second, that stenographer's fees could not be taxed as costs, no provision being made in the fee bill for such fees. (Code, Article 36, Section 1, &c.)

He contended that the stenographer's fees, if recoverable at all as costs, could only be recovered in an action at law. The stenographer thereupon caused an attachment to be issued to compel payment. The plaintiff moved to quash the attachment, which motion is now before the court.

The Act of 1896, Chapter 35, provides: "The court shall on application by a party in interest, or may, of its own motion, order that, instead of taking testimony before an examiner, the witnesses, or any of them, shall be examined orally, in open court, in the presence of the judge, and the evidence so taken shall be written down as delivered by such witnesses, by such persons, or in such manner as the court may have, by special order, or general rule, directed; and when so written down, shall, with such documentary proof as shall have been offered and admitted, be filed as part of the proceedings, and to be used as if taken before an examiner, or if the court shall have so ordered such evidence shall be reduced to writing by counsel in the same manner as bills of exception now are at common law, and after the same shall have been signed by the judge or judges before whom the testimony was taken shall, with the documentary proof at the same time offered and admitted, be filed as part of the proceedings, to be used as if taken before an examiner."

It is apparent that the Act contemplated that the evidence should be reduced to writing. It is provided that the evidence so taken "shall be written down," and shall "be filed as part of the proceedings." The Act does not contemplate a departure from the ancient practice in equity of having all the evidence written down.

The Act contemplates two methods of reducing the evidence to writing:

First—By such persons, and in such manner, as the court may direct.

Second—By counsel, in the same manner as bills of exception.

The provision that testimony shall be written down by such persons, and in such manner as the court may direct, evidently contemplates the employment of a stenographer. It could never have been intended to require a judge to act as examiner, or delay the trial of cases by taking down testimony in long-hand. This expression contemplates the employment of a person other than the judge or counsel, and evidently refers to a stenographer.

The alternative is that counsel write the testimony down as in the case of bills of exception. This is in the discretion of the court, the language of the act being, "or if the court shall so direct," etc. This method is not practical unless the evidence is very brief and formal.

The Act providing that testimony shall be taken down by such person, and in such manner as the court may direct, authorizes the court to employ a stenographer. He then becomes an officer of the court, and his fees may be taxed as the fees of other officers. (Code, Article 16, Sections 169-170.) (Code 1904 and Sections 182-183.)

The practice under this rule has not in all cases been uniform, but certain rules appear to be established.

If the parties go to trial, under the 35th Rule without any special order as to the method of taking testimony, as in this case, or it will be taken by a stenographer. The Act of 1896 provides that testimony shall be taken down, etc., unless the court *shall have ordered*, etc. The normal method is to take the testimony by a stenographer.

The clause in the 35th Rule in relation to waiver of stenographer means that testimony is to be taken down by counsel pursuant to the alternative plan indicated in the Act of 1896, and as written down by counsel to be signed by the judge and filed. This can be done only by a special order. The testimony must be written out and filed before a decree can be passed. Whether the parties may waive the written evidence is not decided. There is no such waiver in this case.

Rule 1 of the Supreme Bench, provides that the court stenographers shall be entitled to 13 cents a folio

for immediate copies of the testimony, and 10 cents for copies furnished at leasure. In addition to that, there being no official stenographer employed by the court in equity cases at the expense of the city, there must be added the stenographer's per diem of $10 per day for the taking of the notes. One copy must be written up and filed. The stenographer's per diem and the cost of one copy are taxable as costs. If the parties desire additional copies for their personal use, they may obtain them at their own expense, at the usual charge.